BOWES, Judge.
Plaintiff has appealed a ruling of the District Court granting summary judgment in favor of the defendant. We affirm in part, reverse in part, and remand, as follows hereinafter.
James McNamara, a licensed real estate salesman, joined the staff of Kenneth A. Kuebel Real Estate in March, 1980. He was a salaried employee who handled property management functions. On July 10, 1980, Kuebel wrote to the Louisiana Real Estate Commission, apparently at McNamara’s request, requesting that plaintiff’s license be transferred to Kenneth A. Kue-bel Real Estate Company (in accordance with La.R.S. 37:1441, infra). The requested transfer fee of $25.00 accompanied the letter.
The license itself, for reasons not ascertainable from the record before us, was not transferred until December 23, 1980. McNamara asserts that he was unaware that his license had not been transferred as of July. Kuebel, as sponsoring broker, held McNamara’s license until February 26, 1981, when plaintiff left defendant’s employ.
The instant lawsuit involves a claim for commissions allegedly due to McNamara from leases which plaintiff claims to have negotiated while an employee of Kuebel. McNamara claims that he regularly earned commissions, that Kuebel had previously paid him these commissions, and that Kue-bel arbitrarily ceased these payments, necessitating the institution of this lawsuit.
*892 Kuebel claims that he occasionally paid McNamara bonuses, that he paid him a commission on only one, or possibly two, leases, and that there was no written agreement obligating him to pay commissions. Kuebel further filed a reconventional demand for certain monies advanced to plaintiff and for payment of a real estate commission on a sale of land to a partnership in which McNamara owns an interest.
In the motion for summary judgment, Kuebel’s affidavit alleged that the leases from which McNamara claims a commission were executed either before December 23, 1980, or after plaintiff ceased working for defendant. McNamara did not present evidence to dispute those dates, stating instead that he did not retain a copy of the leases and had no documentary evidence as to their dates. Attached to the motion for summary judgment was a letter from the Louisiana Real Estate Commission certifying that McNamara was a licensed salesperson during the following periods: March 14, 1978 — January 19, 1979; May 10, 1979 — June 13, 1979; June 21, 1979— April 7, 1980; and December 23, 1980— February 26, 1981. The basis for the motion was La.R.S. 37:1445:
§ 1445. Unlicensed persons cannot recover brokerage charges
No action or suit shall be instituted, nor recovery be had, in any court of this state by any person for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this Chapter, to other licensed brokers or licensed salesmen unless such person was duly licensed under this Chapter as a broker or salesman prior to the time of offering to perform any such act or service or procuring any promise to contract for the payment of compensation for any such contemplated act or service.
The trial court found that on July 10, 1980, the date of Kuebel’s letter to the commission, that McNamara was not licensed and, therefore, there was no license to transfer; that McNamara was not licensed on any of the dates of the leases save for one, the General Electric lease; and that as to that lease, McNamara was not employed by Kuebel when the lease was confected. Applying 37:1445, the court found that an unlicensed person cannot recover the relief sought by the plaintiff and dismissed his suit.
On appeal, plaintiff alleges that defendant should be estopped from denying that he, McNamara, was a licensed real estate agent, that he should be allowed to recover a commission with respect to a lease executed after leaving Kuebel’s employ, and that the summary judgment should be reversed.
La.R.S. 37:1441 states:
§ 1441. Return of license, transfer, termination
A. When any associate broker or salesman shall terminate his association with a broker by whom he is sponsored, the sponsoring broker shall within five days of receiving such notification, hand deliver or send by registered or certified mail to the commission the associate broker or salesman’s license. No associate broker or salesman shall act as such, either directly or indirectly, under authority of such license after the date the license has been dispatched to the commission. Such associate broker or salesman, upon acceptance of sponsorship by another licensed broker, shall be entitled to transfer the license upon written request and payment of the required fee, but not more than one license shall be issued to any associate broker or salesman for the same period of time. Whenever the commission, under the provisions of this Chapter, is entitled to suspend or revoke an associate broker or salesman’s license or whenever an application for transfer has been filed, the commission or its duly authorized representative may demand that the sponsoring broker immediately deliver to the commission the license of any associate broker or salesman, and the sponsoring broker shall comply with such demand, (emphasis supplied)
*893 We interpret the above-quoted laws to mean that a person may obtain a valid real estate sales license, but is unable to act in the capacity of a “real estate salesperson” absent a sponsoring broker. That is, a salesperson may act as such only when his license is in the possession of a sponsoring broker, and not when it is in the hands of the commission. Therefore, under 1445, no recovery for compensation may be had by a real estate salesperson not sponsored by a broker at the time the fee is claimed — such is the meaning of the phrase “duly licensed under this Chapter.”
However, Kuebel knew or should have known that the license had not been transferred to him between July and December. Yet the record is devoid, of any indication that Kuebel informed McNamara of the true situation; rather, it is obvious that Kuebel continued to employ McNamara in the dual capacity of supervisor and agent. Kuebel therefore derived an advantage from having McNamara act in the capacity of agent, without the corresponding obligation to recompense, because of the technical application of law. While we emphasize that our application of law above is correct, we cannot in equity hold that Kuebel could have employed McNamara to act as agent and yet be immune to payment of compensation for those services. Such a concept violates the principle of Civil Code Article 1965 prohibiting unjust enrichment.
There is no evidence in the record to support the trial judge’s conclusion that there was no license to transfer; and if there was a license to transfer, there are many questions to be answered concerning it, such as why it was not routinely transferred to Kuebel, what part Kuebel played in this, whether he should have done something to remedy this situation or at least notify McNamara that such transfer had not been accomplished, and whether McNamara was to be paid by Kuebel solely as a salaried employee, or as a combination of salaried employee and commissioned salesman. These are all questions of material fact which preclude disposition of this case by summary judgment. The cases to this effect are legion.
Accordingly, since McNamara’s petition seeks damages as well as commissions, McNamara has stated a cause of action in equity or damages, which must be tried on the merits on that issue and related ones stated in this opinion.
For the foregoing reasons, the decision of the trial court is reversed in part and amended to state that the portion of plaintiff’s suit for commissions is dismissed and that the portion of the suit which states a cause of action in damages is remanded to the trial court for further proceedings. Costs of the appeal are taxed to each party.
REVERSED IN PART, AMENDED AND REMANDED.